J-S09010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA BENSON | : | |
| | : | |
| Appellant | : | No. 1076 EDA 2021 |

Appeal from the PCRA Order Entered April 13, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0007832-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA BENSON | : | |
| | : | |
| Appellant | : | No. 1077 EDA 2021 |

Appeal from the PCRA Order Entered April 13, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0007833-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA BENSON | : | |
| | : | |
| Appellant | : | No. 1078 EDA 2021 |

Appeal from the PCRA Order Entered April 13, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0007834-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |

J-S09010-22

<table>
<tr><td></td><td>:</td><td>PENNSYLVANIA</td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>v.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>JOSHUA BENSON</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>Appellant</td><td>:</td><td>No. 1079 EDA 2021</td></tr>
</table>

Appeal from the PCRA Order Entered April 13, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0007968-2013

<table>
<tr><td>COMMONWEALTH OF PENNSYLVANIA</td><td>:</td><td>IN THE SUPERIOR COURT OF</td></tr>
<tr><td></td><td>:</td><td>PENNSYLVANIA</td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>v.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>JOSHUA BENSON</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>Appellant</td><td>:</td><td>No. 1080 EDA 2021</td></tr>
</table>

Appeal from the PCRA Order Entered April 13, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0007969-2013

<table>
<tr><td>COMMONWEALTH OF PENNSYLVANIA</td><td>:</td><td>IN THE SUPERIOR COURT OF</td></tr>
<tr><td></td><td>:</td><td>PENNSYLVANIA</td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>v.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>JOSHUA BENSON</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>Appellant</td><td>:</td><td>No. 1081 EDA 2021</td></tr>
</table>

Appeal from the PCRA Order Entered April 13, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0001877-2014

<table>
<tr><td>COMMONWEALTH OF PENNSYLVANIA</td><td>:</td><td>IN THE SUPERIOR COURT OF</td></tr>
<tr><td></td><td>:</td><td>PENNSYLVANIA</td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>v.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
</table>

|  |  |  |
|---|---|---|
| JOSHUA BENSON | : | |
| | : | |
| Appellant | : | No. 1082 EDA 2021 |

Appeal from the PCRA Order Entered April 13, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0003264-2014

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA BENSON | : | |
| | : | |
| Appellant | : | No. 1083 EDA 2021 |

Appeal from the PCRA Order Entered April 13, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0003265-2014

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA BENSON | : | |
| | : | |
| Appellant | : | No. 1084 EDA 2021 |

Appeal from the PCRA Order Entered April 13, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0003266-2014

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA BENSON | : | |
| | : | |
| Appellant | : | No. 1563 EDA 2021 |

J-S09010-22

Appeal from the PCRA Order Entered April 13, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0001877-2014,
CP-09-CR-0003264-2014, CP-09-CR-0003265-2014,
CP-09-CR-0003266-2014, CP-09-CR-0007832-2013,
CP-09-CR-0007833-2013, CP-09-CR-0007834-2013,
CP-09-CR-0007968-2013, CP-09-CR-0007969-2013

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                          **FILED JUNE 1, 2022**

Joshua Benson appeals from the order, entered in the Court of Common Pleas of Bucks County, dismissing his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  After review, we dismiss Benson's appeal.

This Court has previously adopted the trial court's summary of the underlying facts and, due to its length, we do not repeat it here.  ***See Commonwealth v. Benson***, 215 A.3d 668 (Pa. Super. filed Mar. 22, 2019) (Table) (unpublished memorandum decision).  Briefly, Benson was charged in relation to multiple rape allegations and was subsequently interviewed by the police.  During his interviews, Benson admitted to various allegations of rape, some of which are related to the above-captioned cases, all of which were tried together before a jury.

_____

[*] Former Justice specially assigned to the Superior Court.

- 4 -

After a five-day jury trial, the jury convicted Benson of three counts of rape,[1] two counts of involuntary deviate sexual intercourse,[2] nine counts of sexual assault,[3] five counts of aggravated indecent assault without consent,[4] five counts of indecent assault without consent,[5] and one count of indecent assault by forcible compulsion.[6]  The trial court conducted a sentencing hearing and sentenced Benson to an aggregate term of 57½ to 115 years in prison.  After procedural history not relevant to the instant appeals, Benson filed a *nunc pro tunc* motion for reconsideration of sentence, which the trial court denied.

Benson filed a timely direct appeal and this Court affirmed his judgment of sentence.  **Benson**, **supra**.  Benson did not seek review before our Supreme Court.

On February 10, 2020, Benson filed the instant counseled PCRA petition, his first.  On August 24, 2020, counsel filed an amended PCRA petition.  On October 21, 2020, the PCRA court issued notice of its intent to dismiss Benson's petition pursuant to Pa.R.Crim.P. 907, and Benson filed a response.

_____

[1] 18 Pa.C.S.A. § 3121(a)(1).

[2] *Id.* at § 3123(a)(1).

[3] *Id.* at § 3124.1.

[4] *Id.* at § 3125(a)(1).

[5] *Id.* at § 3126(a)(1).

[6] *Id.* at § 3126(a)(2).

Subsequently, the trial court conducted an evidentiary hearing, after which, on April 13, 2021, it dismissed Benson's PCRA petition.

On May 13, 2021, Benson filed a single timely notice of appeal, docketed at 1563 EDA 2021, that included all of the above-captioned trial court docket numbers. Benson filed a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On May 24, 2021, Benson filed an additional nine notices of appeal, one at each of the above-captioned dockets. This Court *sua sponte* consolidated Benson's appeals.

Before addressing Benson's claims on appeal, we must determine whether we have jurisdiction over these appeals. On May 13, 2021, Benson filed a single timely notice of appeal that included all of the above-captioned dockets in violation of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).[7] Subsequently, on May 24, 2021, Benson filed nine corrected,[8] but untimely, notices of appeal, one for each of the above-captioned dockets. This Court issued ten rules to show cause as to why Benson's appeals should not be quashed. In response, Benson conceded that his May 13, 2021, notice of appeal violated **Walker**, but explained that the subsequent nine May 24, 2021, notices of appeal were meant to correct his **Walker**-violative appeal.

_____

[7] In **Walker**, our Supreme Court, in interpreting Pa.R.A.P. 341, held that where one order resolves issues on multiple lower court dockets "separate notices of appeal must be filed." **Id.**

[8] Docketed at, respectively, 1076 EDA 2021, 1077 EDA 2021, 1078 EDA 2021, 1079 EDA 2021, 1080 EDA 2021, 1081 EDA 2021, 1082 EDA 2021, 1083 EDA 2021, and 1084 EDA 2021.

Importantly, our Supreme Court has recently stated:

Now that [Pa.R.A.P.] 902 is squarely before us, we take it on its terms, notwithstanding any effect its application here may have on the bright-line rule of **Walker**. In doing so, we conclude the relationship between Rule 341(a) and [Rule] 902 is clear. Rule 341 requires that when a single order resolves issues arising on more than one docket, separate notices of appeal must be filed from that order at each docket; but, where a timely appeal is erroneously filed at only one docket, Rule 902 permits the appellate court, in its discretion[,] to allow correction of the error, where appropriate.

**Commonwealth v. Young**, 265 A.3d 462, 477-78 (Pa. 2021).

Instantly, in light of **Young**, we need not remand for corrected notices of appeal because Benson has already filed nine corrective appeals, which we accept as timely under his original, timely-filed notice of appeal on May 13, 2021. **See id.**; Pa.R.A.P. 902. We now turn to Benson's claims raised in his brief:

[1.] Did the PCRA [c]ourt err when it did not vacate [Benson]'s conviction and award a new trial[,] where trial counsel was ineffective for agreeing to have prejudicial photos of the complainants sent back to the jury during deliberations that had not been admitted by either party, only upon the suggestion of the [t]rial [c]ourt after the close of evidence, and trial counsel had no strategy for so agreeing?

[2.] Did the PCRA [c]ourt err when it did not vacate [Benson]'s conviction and award a new trial where trial counsel was ineffective for failing to object to the testimony of Dr. Valliere[,] which exceeded the permissible scope of her testimony as allowed by statute, and trial counsel had no reasonable basis for failing to object to this testimony?

Brief for Appellant, at 4.

At the outset, we observe that Benson has failed to develop either of these claims in his appellate brief. Benson's entire argument section contains only the standard of review and bald assertions that he has met the three ineffective assistance of counsel prongs. *See* Pa.R.A.P. 2119(a) (appellant must support argument with "such discussion and citation of authorities as are deemed pertinent"); *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief . . . fails to develop the issue in any . . . meaningful fashion capable of review, that claim is waived."); *id.* at 925 ("It is not the role of this Court to formulate [an a]ppellant's arguments for him."). Moreover, Benson's brief provides, at best, a cursory review of the factual and procedural history. *See* Pa.R.A.P. 2117(a)(1), (4) (requiring appellate briefs contain procedural and factual history). Thus, Benson's brief fails to comport with our appellate rules in a way that hampers our ability to conduct meaningful appellate review and, accordingly, Benson has waived his claims. *See Johnson*, *supra*; *see also* Pa.R.A.P. 2101 (if defects in brief are substantial, appeal may be quashed or dismissed).

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/01/2022